# UNITED STATES DISTRICT COURT
## for the
## Western District of North Carolina

| | | |
|---|---|---|
| CUSCO FABRICATORS, LLC | ) | |
| Plaintiff, | ) | Civil Action No. 3:16-CV-00805 |
| | ) | |
| v. | ) | |
| | ) | |
| JACK DOHENY COMPANIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **STIPULATED PROTECTIVE ORDER**

Plaintiff, Cusco Fabricators, LLC ("Cusco") and Defendant, Jack Doheny Companies, Inc. ("JDC") (individually "a Party" and collectively "the Parties"), recognize that some of the documents, testimony and materials that will be produced by the Parties and third-parties in discovery may include information which is or is claimed to be proprietary, a trade secret or otherwise confidential research, development, technical, commercial, or financial information. Accordingly, the Parties wish to establish rules and procedures governing the treatment of such information, and have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c). The production of information which a Party or a third-party contends is proprietary, a trade secret or otherwise confidential research, development, technical, commercial or financial information shall be governed by this Stipulated Protective Order ("Protective Order").

**IT IS HEREBY ORDERED**, pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, that the following provisions shall govern the handling of confidential information in this action:

**A.** **"Discovery Material."** As used in this Protective Order, the term "discovery material" shall encompass all documents, data, deposition testimony and exhibits, interrogatory

answers, responses to requests for admission, and any other written, recorded, transcribed or graphic matter produced by any party (or its employees or former employees) or third party during the discovery process in this action, any copies thereof, and information contained therein, as well as any information accessed, downloaded or in any way obtained by or from the Parties or any third-party.

        **B.**      **"Designating Party."**  As used in this Protective Order, the term "Designating Party" shall mean any party to this action, as well as any third party to this action (including counsel for such third party), who requests the protections provided by this Protective Order and produces discovery material.

        **C.**      **Designation of Confidential Information.**  In producing, providing or revealing discovery material, any Designating Party may designate as "CONFIDENTIAL" the whole or any part of such discovery material which the Designating Party deems in good faith to be proprietary, a trade secret or otherwise confidential research, development, technical, commercial or financial information to the extent (1) such information is not publicly known, (2) such information cannot be ascertained from an inspection of publicly available documents, materials or devices, (3) the Designating Party maintains such information in confidence, and (4) the Designating Party believes that unprotected disclosure of such information might result in economic or competitive injury. If a Designating Party determines in good faith that discovery material requires protection under the terms of this Protective Order, it shall advise the Parties of this fact, and all copies of such discovery material or portions thereof shall be marked "CONFIDENTIAL" and treated in accordance with the terms of this Protective Order. In addition to the "CONFIDENTIAL" designation, parties may designate as "HIGHLY CONFIDENTIAL" any especially sensitive information the disclosure of which to a competitor could cause competitive harm, including but

not limited to: strategic planning information and any information that reflects or memorializes pricing or costing offered by a Disclosing Party and/or documents concerning product design, modeling, development, and/or production of a Disclosing Party. Discovery material designated under this Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall collectively be referred to as "Protected Information."

**D. Use of Protected Information.** All Discovery Material, including CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information designated or marked as provided herein, shall be used by the recipient solely for the purposes of this action, and shall not be disclosed to anyone other than those persons identified herein and shall be handled in the manner set forth herein until such designation is removed by the Designating Party or by order of the Court.

**E. Use of Protected Information in Depositions.** The Parties shall have the right to use Protected Information at or for the purpose of taking depositions, subject to the terms of this Protective Order. At any deposition, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or whenever counsel for a Party or third-party deems that the answer to the question may result in the disclosure of Protected Information, or whenever counsel for a Party or third-party deems that the answer to any question has resulted in the disclosure of Protected Information, the deposition (or portions thereof) may be designated by the affected Party or third-party as containing Protected Information subject to the provisions of this Order. Counsel for the affected Party or third-party may direct that the question and answer be transcribed separately from the remainder of the deposition transcript and marked "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL") as may be appropriate. When such direction has been given, the designated testimony shall be disclosed only to those individuals specified herein, and the information

contained therein shall be used only as specified herein. Counsel for the Party or third-party whose Protected Information is involved may also request that all persons not entitled under this Protective Order to have access to the Protected Information leave the room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness not to answer the question seeking the revelation of Protected Information. Counsel must designate portions of a deposition transcript in accordance with this Order within twenty (20) days of receiving the transcript. Designations may be made by letter to counsel of record. Portions of deposition transcripts so designated shall be treated as Protected Information by the parties as set forth herein. During the twenty (20) day period, the entire transcript shall be treated as Protected Information.

**F. Disclosure of discovery material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."** Discovery Material designated "CONFIDENTIAL" and produced pursuant to this Protective Order may be disclosed or made available only to the Court and to the persons designated below:

1) Current employees or officers of the Producing Party;

2) Current employees or officers of each party involved in the prosecution, defense, or settlement of this action;

3) Outside counsel of record for the Parties (including attorneys associated with the law firm(s) and the paralegal, clerical, and secretarial staff utilized by such counsel);

4) Inside counsel for the Parties (including paralegal, clerical, and secretarial staff utilized by such counsel);

5) Outside experts or consultants (including their clerical and secretarial staff) retained to assist in the prosecution, defense, or settlement of this action, provided that each such expert or consultant first signs an acknowledgment in the form of Exhibit A;

6) Persons who have had access to the Protected Information by the material itself in that it is either to, from, or copied to such persons;

7) Deposition or trial witnesses in this action, but only for purposes of testimony in this action, and subject to the restrictions set forth in this Order (however, no such witness shall be given Protected Information to retain).

8) Court reporter(s) utilized in this action; and

9) Any other person as to whom the Parties and Designating Party agree in writing prior to disclosure.

10) Discovery materials designated as "HIGHLY CONFIDENTIAL" may be disclosed or made available only to the Court and to the persons designed in F(1), (3), (4), (5), (6), (7), (8), and (9) above.

**G.** **Filing of Protected Information with the Court.** Any Protected Information that is filed with the Court by any Party, including, but not limited to, transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits and all other documents which have previous thereto been designated hereunder, or any pleading or memorandum reproducing or paraphrasing or containing such information, shall be filed under seal.

**H.** **Inadvertent production.** The inadvertent production or disclosure of privileged, or otherwise protected information, documents, or other materials or the inadvertent failure to

designate information in accordance with this Protective Order shall not constitute a waiver of any applicable privilege or protections, including, for example, the attorney-client privilege, the work product protection, or any protection afforded by the Federal Rules of Civil Procedures. Any inadvertent production or failure to designate may be remedied as follows:

1) The producing Party or third-party shall: (i) give written notice of the inadvertent production to all recipients of the inadvertently produced information, document, or other material, and (ii) state the nature of the privilege or designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

2) Upon receipt of written notice of inadvertent production, all Parties or third-parties shall return inadvertently produced information, documents, or other materials to the Designating Party and destroy all copies thereof. As to Protected Information, each Party or third-party shall apply the ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation to each copy of such material, treat such information in accord with this Protective Order, and provide the other Parties or third-parties with an acknowledgment that the recipient attempted in good faith to remedy disclosure of such information to unauthorized persons.

**I.** **Information not confidential.** The restrictions set forth in this Protective Order shall not be construed:

1) To preclude any Party or third-party or its attorneys of record from making use of information which was lawfully in their possession prior to the approval by the Court of this Protective Order or production by the producing party; or

2) To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a receiving party; or

3) To apply to information or other materials that, under law, have been declared to be in the public domain.

**J.     Challenges to designations.**  Inspection or receipt by a Party or third-party of any discovery material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder shall not constitute a concession as to the validity of such designation.  If any Party claims that the Designating Party has unreasonably or improperly designated certain information under this Protective Order, or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, and if any dispute regarding the designation cannot be resolved by agreement, the objecting Party may make an appropriate application to the Court requesting that the discovery material be excluded from the provisions of this Order or be available to specified other persons.  The movant shall have the obligation of showing a good faith basis for its contention that the discovery material should not be protected under this Order or that disclosure to persons other than those authorized by this Order should be permitted.  Thereafter, the Designating Party shall have the burden of establishing the confidential nature of the discovery material.

**K.     No waiver or admission of confidentiality.**  This Protective Order is entered solely for the purpose of facilitating the exchange of discovery material between the Parties and third-parties without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor the production of any discovery material under the terms of this Protective, nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or a waiver by any Designating Party of the confidential nature of any discovery material or altering any existing obligation of any Designating Party or the absence thereof.  Entry of this

Protective Order does not preclude any Party or third-party from seeking or opposing additional protection for particular information or documents.

**L.     No Waiver of Privilege.**  This Protective Order does not prejudice the right of any Party or third-party to oppose production of any information or document on the ground of attorney-client privilege, work product immunity, or any other privilege or protection provided by law.

**M.     Return or Destruction of Protected Information.**  Within thirty (30) days after entry of final judgment, including any appeal, or other final dismissal of this action, all documents and things, including transcripts of depositions or trial, together with all copies thereof, which have been designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" shall be returned to the Designating Party.  In lieu of returning such designated materials as provided above, and upon approval of the Designating Party, counsel for the receiving Party may certify in writing to counsel for the Designating Party that the materials have been destroyed.

**N.     No Need to Purge Auto Archived Copies.** Notwithstanding the requirements of subsection M of this Order, the receiving Party and any third parties who were properly provided with access to or copies of any documents or things designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" shall not be required to destroy copies of electronic records or files containing the Confidential Information which were created pursuant to automatic archiving or back-up procedures on secured central storage servers and which cannot reasonably be deleted without undue burden or expense, nor shall they be required to delete emails or court filings from their email servers and document management systems that may include copies of Confidential Information as attachments.

**O.     Outside Counsel File Copy.**  Outside counsel for the receiving party may retain one electronic or hard copy of documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" in their files, provided that the clients and all outside experts and vendors shall delete all copies, subject to subparagraphs M and N of this Order, and counsel shall not share any of their retained copies with any person or entity outside their firms, even with their clients, absent further agreement of the parties or order of a court of competent jurisdiction.  The terms and conditions of this Agreement shall remain in full force and effect with respect to Confidential Information retained hereunder for so long as such Confidential Information is retained.

**P.     Protective Order survives conclusion.**  This Protective Order shall survive the conclusion of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information protected under this Protective Order.  The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

**Q.     No Undue Restrictions.**  Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her client with respect to this action and, in the course thereof, generally referring to or relying upon his examination of documents or things produced.

[SIGNATURES ON FOLLOWING PAGE]

**STIPULATED AS TO FORM
AND CONTENT:**

Date:  By: s/ *Alan Howard*
Alan Howard
Crowell & Moring LLP
*Counsel for Plaintiff Cusco Fabricators, LLC*


Date:  By: s/ *Russ Ferguson*
Russ Ferguson (N.C. Bar No. 39671)
Womble Carlyle Sandridge & Rice, LLP
*Counsel for Plaintiff Cusco Fabricators, LLC*


Date:  By: s/ *Eric H. Cottrell*
Eric H. Cottrell (N.C. Bar No. 21994)
Parker Poe Adams & Bernstein LLP
*Counsel for Defendant Jack Doheny Companies, Inc.*


**THE FOREGOING IS SO ORDERED.**

Signed: May 24, 2017

Graham C. Mullen
United States District Judge

**UNITED STATES DISTRICT COURT
for the
Western District of North Carolina**

| | | |
|---|---|---|
| CUSCO FABRICATORS, LLC | ) | |
| Plaintiff, | ) | Civil Action No. 3:16-CV-00805 |
| | ) | |
| v. | ) | |
| | ) | |
| JACK DOHENY COMPANIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, declare as follows:

1. My current employer is _____.

2. My current business address is _____.

3. I have read the terms of the Protective Order entered in the above-captioned matter and agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Court. More specifically, I will treat any Protected Information provided to me by counsel or any Designating Party as confidential and will not disclose any such information to anyone other than persons permitted to see such information under the Protective Order. Further, I will not use such Protected Information for any purpose other than in connection with this action, and will return all Protected Information provided to me as well as those materials generated by me containing Protected Information (along with any copies I may have made) to counsel for the Party or third-party with which I am affiliated at the conclusion of this action.

4. I consent to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcing this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____     _____
                                                                                        Signature